UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

04 OCT -1  AM 8: 33

THOMAS STUART,

    Plaintiff

v.

JEFFERSON COUNTY DEPARTMENT
OF HUMAN RESOURCES; and
CARO SHANAHAN,

    Defendants.
_____/

CIVIL ACTION NO. CV-02-HS-2237-S

ENTERED

OCT - 1 2004

## OPINION REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

THIS MATTER is before the Court on a motion for summary judgment filed by Defendants Jefferson County Department of Human Resources and its director, Caro Shanahan. Doc. 27. The Plaintiff, Thomas Stuart, is employed by the county as a Financial Support Supervisor. He alleges in Count I of the complaint that the county discriminated against him on the basis of gender by failing to promote him, thus violating Title VII of the Civil Rights Act of 1964, as amended. See 42 U.S.C. § 2000e-2(a)(1) ("It shall be an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex . . . ."). Count II invokes 42 U.S.C § 1983, and alleges that Shanahan violated Stuart's constitutional right to equal protection by discriminating against him on the basis of sex in deciding whom to promote.

The questions raised by the Defendants' motion are whether (1) certain claims made by Stuart are barred; (2) the Defendants enjoy immunity; and (3) there is sufficient evidence in support

1

of Stuart's claims in Count I to survive summary judgment. The court concludes that neither Defendant has immunity, but otherwise resolves the foregoing questions in their favor. The motion will therefore be granted in part and denied in part.

## I. BACKGROUND

Stuart was hired by the county in July of 1980 as a Social Worker I. He was promoted in 1992 to his current position. He has unsuccessfully applied for promotions since that time.

## II. DISCUSSION

### A. Standard of Review

"A summary judgment motion should be granted when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" National Alliance for the Mentally Ill v. Board of County Comm'rs, 376 F.3d 1292, 1294 (11th Cir. 2004) (quoting F.R.Civ.P. 56©). A "genuine issue of material fact" exists only "[i]f a reasonable jury could . . . find in favor of the nonmoving party." Young v. City of Palm Bay, 358 F.3d 859, 860 (11th Cir. 2004). "[T]he evidence and all factual inferences therefrom" are to be viewed "in the light most favorable to the party opposing the motion." National Alliance, 376 at 1294 (citation omitted). Summary judgment can be entered on the basis of the nonmoving party's failure "to make a showing sufficient to establish the existence of an essential element of that party's case." Nolen v. Boca Raton Comm. Hosp., 373 F.3d 1151, 1154 (11th Cir. 2004) (*per curiam*).

### B. Analysis

#### (1) Timeliness

"[A] prerequisite to the maintenance of a Title VII action is the timely filing of a charge with

the" Equal Employment Opportunity Commission ("EEOC"). Tipp v. AmSouth Bank, 76 F.Supp.2d 1315, 1327 (S.D. Ala. 1998), aff'd, 229 F.3d 1166 (11th Cir. 2000). "In Alabama, a non-deferral state, a plaintiff must file a Title VII discrimination charge with the EEOC within 180 days of the alleged violation." Id. (citing 42 U.S.C. § 2000e-5(e)).

Stuart filed his EEOC charge on April 1, 2002. Complaint at ¶ 7. The 180-day reach-back period therefore extends to roughly October 1st of 2001.

In the complaint, Stuart identifies three instances in which he was denied a promotion. Because he was advised of the first denial on July 31, 2001, id. at ¶ 51, the Defendants argue that "Plaintiff's Title VII claim is time barred." Defendants' Brief at 15.

Stuart asserts in response that the promotion denials should be viewed as a "continuing violation." Plaintiff's Brief (doc. 31) at 11. Since the EEOC charge was filed within 180 days of one of the three denials, Stuart reasons, dismissal is inappropriate. Id. at 12.

The denial of a promotion is a discrete event, and the continuing-violation doctrine is therefore inapplicable. See National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114-15 (2002). Because the EEOC charge was untimely with respect to the first promotion denial, a claim based on that denial is not actionable. Id. But see id. at 113 (A time-barred event can nevertheless serve as evidence in support of claims which are not time-barred).

*(2) Scope of EEOC Charge*

A "plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Gregory v. Georgia Dep't of Human Resources, 355 F.3d 1277, 1280 (11th Cir. 2004) (*per curiam*) (citation omitted). Stuart's charge states as follows:

3

> On or about July 21, 2001, I was interviewed for a Program Supervisor position but I was not selected of [*sic*] the position . . . . On October 9, 2001, I was informed by letter that I had met all of the requirements for promotion to a Human Resource Program Specialist. . . . I never submitted the information as requested in order to be considered for the position because my employer would not provide me with data required to complete the application process.
>
> The employer has not told or given me a reason as to why I have not been promoted.
>
> I believe that I was not promoted and discriminated against because of my sex . . . .

EEOC Charge (Exhibit 1 of Complaint).

The charge predates a denial of a promotion to Program Supervisor of Child Support, a position which Stuart indicates "became available" on June 12, 2002. Complaint at ¶ 66. Stuart's "right to sue" letter from the EEOC is dated June 13, 2002. See Exhibit 2 of Complaint. Thus it is clear that by the time Stuart was turned down for the position, the EEOC had closed its investigation. See generally Sanchez v. Standard Brands, 431 F.2d 455, 466 (5th Cir. 1970) (A Title VII complaint may only "encompass . . . discrimination like or related to allegations contained in the charge and growing out of such allegation *during the pendency of the case before the*" EEOC. (citation omitted; emphasis added)); see also Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*) (Decisions of the Fifth Circuit rendered prior to October 1, 1981, are binding in the Eleventh Circuit.). Stuart is therefore barred from asserting that the failure to promote him to Program Supervisor of Child Support constituted a violation of Title VII. See Ray v. Freeman, 626 F.2d 439, 442 (5th Cir. 1980) (". . . Ray . . . alleged discrete acts of discrimination occurring subsequent to the filing of her . . . administrative complaint. The district court appropriately declined to consider these charges as other than corroborative evidence."); Buzzi v. Gomez, 62 F.Supp.2d 1344, 1352

4

(S.D. Fla. 1999) (holding that allegations of denied promotions were barred because they were "discrete acts" that occurred "subsequent to Gomez's filing his EEOC Charge").

*(3) Absolute Immunity*

The court rejects the Defendants' contention that the county is immune from liability for violation of Title VII. See 42 U.S.C. § 2000e(a), (b), & (h) (State employers are subject to Title VII.); Fitzpatrick v. Bitzer, 427 U.S. 445, 456 (1976) (In amending Title VII to include state employers, Congress validly abrogated states' immunity pursuant to § 5 of the Fourteenth Amendment.); Maitland v. University of Minnesota, 260 F.3d 959, 964 (8th Cir. 2001) (While it "did not squarely decide the issue, . . . *Fitzpatrick* is highly persuasive authority for the proposition that Title VII sex-discrimination claims brought in federal court by male employees against a state are not barred by the Eleventh Amendment."). The Defendants' contention that the county enjoys immunity vis-à-vis § 1983 is irrelevant, as Count II is directed solely at Shanahan in her individual capacity.

*(4) Qualified Immunity*

"Qualified immunity protects government officials performing discretionary functions from liability if their conduct does not violate clearly established . . . constitutional rights of which a reasonable person would have known." Snider v. Jefferson State Community College, 344 F.3d 1325, 1327 (11th Cir. 2003) (citation & quotation marks omitted). "To receive qualified immunity, a government official first must prove that he was acting within his discretionary authority." Cottone v. Jenne, 326 F.3d 1352, 1357-58 (11th Cir. 2003).

The court finds that Shanahan acted within her discretionary authority. See Shanahan Affidavit at 1; Shanahan Deposition (Exhibit J of Defendants' Motion) at 27. Thus the "burden

5

shifts" to Stuart to show that she "is not entitled to qualified immunity." Cottone, 326 F.2d at 1358.

The Defendants argue that Stuart cannot meet this burden. See Defendants' Brief at 18-20. In responding to this argument, Stuart failed to cite a single case which would clearly put Shanahan on notice that a pro-female bias with regard to promotions violates the Equal Protection Clause. See generally Snider, 344 F.3d at 1328 ("Officials are entitled to fair warning from the preexisting law that their alleged acts, at the time the acts occurred, were unconstitutional. . . . When case law is needed to clearly establish the law applicable to the pertinent circumstances, we look to decisions of the U.S. Supreme Court, the United States Court of Appeals for the Eleventh Circuit, and the highest court of the pertinent state." (citation & quotation marks omitted)).

The question presented here is whether in "early 2001," when Shanahan "began actively promoting . . . employees," Complaint at ¶ 33, she had "fair warning" that disfavoring male employees was "unconstitutional." Id.

In 1995, the Eleventh Circuit declared that a "gender-based classification violates the Equal Protection Clause of the Fourteenth Amendment if the classification is not substantially related to the achievement of important governmental objectives." Parks v. City of Warner Robins, 43 F.3d 609, 616 (11th Cir. 1995). While Parks involved allegations of pro-male bias, the court's broad declaration regarding gender bias cannot reasonably be understood as applying only in that context. See Williams v. Consolidated City of Jacksonville, 341 F.3d 1261, 1270-71 (11th Cir. 2003) (stating in *dictum* that as of 1999, it was clearly established that a fire chief's refusal to promote male employees to preexisting positions would, in the absence of a valid policy of affirmative action, violate the Equal Protection Clause). The court therefore rejects the Defendants' contention that Shanahan is entitled to qualified immunity.

6

*(5) Prima Facie Case - Disparate Treatment*

The Defendants argue that Stuart has not made out a *prima facie* claim of disparate treatment. See Defendants' Brief at 13. The elements of such a claim differ from those identified in a claim of failure to promote. Compare Armstrong v. Flowers Hosp., 33 F.3d 1308, 1314 (11th Cir. 1994) with Walker v. Mortham, 158 F.3d 1177, 1191-92 (11th Cir. 1998). The latter claim more specifically describes Count I of the complaint, and the court will assess the merits of Defendants' argument accordingly.

*(5) Prima Facie Case - Failure to Promote*

Stuart "has the initial burden of proving, by a preponderance of the evidence, a prima facie case of discrimination." Id. (citation omitted). This requires evidence that (1) he applied for an available position for which he was qualified; (2) the application was rejected; and (3) following rejection, the county either continued to seek applicants, or filled the position with a female employee. See id. at 1185-93. The parties' agreement to the contrary notwithstanding, the court concludes that to establish a *prima facie* case, Stuart need not demonstrate that an equally or less qualified female employee got the promotion. See id. at 1191 ("The Supreme Court's decision in *Patterson v. McLean Credit Union*, 491 U.S. 164 ... (1989), further clarifies the place of relative qualifications in the *McDonnell-Douglas* framework and ultimately prohibits us from imposing on the plaintiff the burden of proving relative qualifications at the prima facie stage."); see also Norrell v. Waste Away Group, 246 F.Supp.2d 1213, 1221 n.10 & accompanying text (M.D. Ala. 2003).[1] The Defendants' assertion

---

[1] The Court acknowledges that Wilson v. B/E Aerospace, 376 F.3d 1079, (11th Cir. 2004) states that the 4th element of a "prima facie case of sex discrimination [is that] ... other equally or less qualified employees who were not members of the protected class were promoted." Id. at 1089. In Wilson, however, the evidence regarding relative qualifications was presented by the defendant. Thus, as applied, Wilson is consistent with the Walker court's decision holding that

7

that Stuart cannot make this showing is therefore irrelevant.

*(6) Rebuttal*

"A valid prima facie case creates a presumption that discrimination has occurred." Walker, 158 F.3d at 1183. "When the plaintiff establishes a prima facie case of discrimination, the employer must articulate some legitimate, nondiscriminatory reason for the employee's rejection." Wilson, 376 F.3d at 1089-90. "The plaintiff must then persuade the trier of fact that the defendant intentionally discriminated against her despite the defendant's assertion of a lawful reason for the challenged employment decision." Walker, 158 F.3d at 1184.

The position of Program Specialist became available in October of 2001. Answer (doc. 5) at ¶ 54. Stuart was considered for the position, according to the Defendants, but the promotion was instead given to Jennifer Griffin. Id. at ¶¶ 57-58.

The Defendants suggest that the following considerations serve to rebut Stuart's *prima facie* case: (1) Griffin had more experience in the Child Support Program (ten years) than did Stuart (no such experience); (2) Shanahan testified at her deposition that she had made an effort to accommodate Stuart's request for a promotion/transfer, and that she did not consider gender in deciding whom to promote; and (3) the county has promoted males to supervisory positions. See Defendants' Brief at 10-13. The latter two considerations are irrelevant, because they do not speak to the reason(s) why the promotion went to Griffin instead of Stuart.

The alleged discrepancy in experience, on the other hand, is significant. See Walker, 158 F.3d at 1193 (The "plaintiff may be forced to address relative qualifications if the defendant presents them to rebut the plaintiff's" *prima facie* case.). Stuart acknowledges having no professional experience

---

such evidence is properly part of the defendant's rebuttal of a prima facie case.

in the field of child support. See Plaintiff's Response at 1-2. He also provides evidence that such experience was relevant to the job in question, as he stated under oath in the EEOC Charge that on October 9, 2001, he "was informed by letter . . . that they were particularly interested in applicants with Child Support experience."

In an affidavit opposing the Defendants' motion, Stuart directly contradicted his EEOC statement, declaring that before filing the EEOC charge, he "was never made aware that a deficiency in Child Support experience that [*sic*] might hinder my promotional aspirations." Affidavit at ¶ 6 (Exhibit 1 of Plaintiff's Response). Absent a plausible explanation for this contradiction, however, this declaration cannot properly be considered. See McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1240 n.7 (11th Cir. 2003) (*per curiam*).

At the hearing, counsel for Stuart asserted that in the affidavit, his client meant simply that he had never been informed in the course of a job interview, or by means of the formal job-qualifications description, that the county sought candidates with experience in child support. In light of the plain language of the affidavit, the court does not view this as a plausible explanation. And in any event, the court must disregard an attempted clarification of Stuart's declaration which is offered by his attorney, rather than Stuart himself. See generally, e.g., Denney v. City of Albany, 247 F.3d 1172, 1189 n.10 (11th Cir. 2001) ("In considering a summary judgment motion, a court may only consider evidence that is admissible or that could be presented in admissible form."). The affidavit therefore does not detract from the evidentiary weight of Stuart's statement in the EEOC Charge.

Surprisingly, there is no evidence directly supporting the Defendants' contention that Griffin "had ten . . . years of work experience in the Child Support Program." Defendants' Brief at 8. They cite a "Certification of Candidates," attached to their brief as Exhibit H. Id. But this document is not

9

authenticated, and it contains no information about Griffin's experience in *any* field. See generally Walker, 158 F.3d at 1184 (" . . . the defendant must clearly set forth, *through the introduction of admissible evidence*, the reason for its adverse employment decision . . . ." (citation & quotation marks omitted; emphasis added)).

In support of the Defendants' motion, however, Shanahan states: "I have promoted individuals to positions in which they were the . . . most qualified. The positions Mr. Stuart complains about in his Complaint are positions in which he did not have as much work experience, and in some cases, did not have any, prior work experience in the program area as the individual who was selected." Shanahan Affidavit at 2. On the basis of this statement and the other evidence discussed, the court concludes that the county has sufficiently rebutted Stuart's *prima facie* case.

The question now becomes whether Stuart has assembled enough evidence to reasonably support the conclusion that the county is not being truthful in claiming that Griffin was selected because of her experience in child support. See generally Wascura v. City of South Miami, 257 F.3d 1238, 1243 (11th Cir. 2001) (The "plaintiff has the opportunity to come forward with evidence, including the previously produced evidence establishing the prima facie case, sufficient to permit a reasonable factfinder to conclude that the reasons given by the employer were not the real reasons for the adverse employment decision." (citations omitted)).

Stuart argued that the county's stated reason for not promoting him was simply a pretext. See Plaintiff's Brief at 9-11. But aside from his discredited affidavit, discussed supra, Stuart did not direct the court's attention to any evidence which supports that argument. Most notably, he cited no evidence that he is in fact more qualified than Griffin. Compare Walker, 158 F.3d at 1193 (quoted supra p. 8) with Lee v. GTE Florida, 226 F.3d 1249, 1255 (11th Cir. 2000) (*per curiam*) ("Since Lee's

evidence at trial fell far short of establishing that she was *clearly* more qualified for the position than Hines, Lee did not meet her burden of establishing that Shaffer's proffered reason for denying her the promotion was a pretext for gender discrimination." (emphasis added)).  Stuart has therefore failed to demonstrate a triable issue with regard to the truth of the county's contention that the decision to promote Griffin was based on her more extensive child-support experience.

### III. CONCLUSION

The county is not immune from liability under Title VII.  However, Stuart's claim against the county that he was wrongfully turned down for a promotion in July of 2001 is barred because he did not timely seek administrative review of that claim.  Stuart is also barred from challenging the denial of his application for promotion to a position that became available in June of 2002, as he did not assert that claim at the administrative level.  With respect to the remaining Title VII claim, relating to the position that became available in October of 2001, Stuart has failed to identify evidence which reasonably calls into question the county's assertion that it had a legitimate reason for hiring Griffin rather than him.  Shanahan is not immune from liability under § 1983.

The court has entered an order consistent with this opinion.

Dated: October __/__, 2004.

VIRGINIA EMERSON HOPKINS
UNITED STATES DISTRICT JUDGE

11