# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **THOMAS STUART,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| VS. | ) | CV-02-HS-2237-S |
| | ) | |
| **JEFFERSON COUNTY** | ) | |
| **DEPARTMENT OF HUMAN** | ) | |
| **RESOURCES and CARO** | ) | |
| **SHANAHAN, in her individual** | ) | |
| **capacity,** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |

## MEMORANDUM OF DECISION

The court has before it on remand the July 27, 2004 motion (doc. #27) of defendants Jefferson County Department of Human Resources and Caro Shanahan, in her individual capacity, for summary judgment. Pursuant to the Eleventh Circuit's October 6, 2005 order, this court will consider plaintiff Thomas Stuart's § 1983 claims against Shanahan arising from the June 2001 and June 2002 promotions.

### I. Procedural History

Plaintiff Thomas Stuart commenced this action on September 11, 2002 by filing a complaint in this court against the Jefferson County Department of Human

Resources ("JCDHR") and Caro Shanahan, in her individual capacity, alleging that he was discriminated against on the basis of his gender in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq. and that he should be afforded relief under 42 U.S.C. § 1983 because his equal protection rights were violated when the state discriminated against him on the basis of sex in deciding who to promote. (See Compl.) Initially, this court issued a memorandum opinion (doc. #38) and order (doc. #39) granting defendant's motion for summary judgment with respect to his Title VII claim involving the October 2001 promotion, dismissing the other Title VII claims as procedurally barred, and allowing the § 1983 claims to proceed. Defendants filed a motion for reconsideration (doc. #40) and plaintiff filed a response (doc. #44). This court issued an order (doc. #45) granting the motion for reconsideration and granting summary judgment on the § 1983 claims.

    Plaintiff appealed to the Eleventh Circuit Court of Appeals. The Eleventh Circuit issued an opinion affirming this court's entry of summary judgment on the Title VII claims and the § 1983 claim arising out of the October 2001 promotion and vacating and remanding the § 1983 claims against Shanahan arising out of the June 2001 and June 2002 promotions. See Stuart v. Jefferson County Dep't of Human Res., No. 05-10020, 2005 WL 2456420 (11th Cir. Oct. 6, 2005).

On remand, the court considered the brief and evidence[1] (doc. #27) filed by defendants on July 27, 2004 in support of their motion for summary judgment and plaintiff's brief and evidence[2] (doc. #31) in opposition to the motion that was filed on August 17, 2004 as well as defendant's motion for reconsideration and plaintiff's response to that motion.

## II. Standards for Evaluating a Summary Judgment Motion

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper

---

[1] Defendants submitted the following evidence: the affidavit of Caro Shanahan; Thomas Stuart's Employee Service Record; forms indicating Stuart's eligibility for promotion; Robert Galloway's Employee Service Record; Ronald Gilbert's Employee Service Record; Philip Tyler's Employee Service Record; a memorandum announcing Ron Gilbert's appointment as interim director of Jefferson County Department of Human Resources ("JCDHR") effective August 1, 1999; a memorandum announcing Mike Galloway's appointment as acting director of JCDHR effective Sept. 29, 1997; a memorandum outlining Philip Tyler's responsibilities as deputy for field administration; John Bailey's Employee Service Record; Albert Manzella's Employee Service Record; James Kilgore's Employee Service Record; William Monroe's Employee Service Record; a list of financial support supervisors hired by the JCDHR child support and TANF programs between May and August 2001; a list of five females who were either hired as or had their positions reclassified as program supervisors or program specialists between March 2001 and July 2002 in the TANF, child support, and adult program areas; a list of certified candidates eligible for the June 2001 promotion; a list of certified candidates eligible for the October 2001 promotion; a list of certified candidates eligible for the June 2002 promotion; excerpts from the deposition of Caro Shanahan; and organizational charts of the hierarchy in the JCDHR food assistance program.

[2] Plaintiff submitted the following evidence: the affidavit of Thomas Stuart; a letter from Marie Garner, assistant director of JCDHR to Stuart informing him that he was eligible for the October 2001 promotion and should submit an application if interested; plaintiff's EEOC charge; a "right to sue" letter from the Department of Justice allowing plaintiff to sue defendant; a list dated April 1, 2004 of then-current JCDHR employees ranked financial support supervisors and above who were promoted since March 2001; excerpts from the deposition of Caro Shanahan; Stuart's test result report informing him that he is in the "open-competitive register;" the affidavit of William Monroe; and a memorandum from a management team meeting dated Feb. 25, 2004.

"if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Chapman v. AI Transport, 229 F.3d 1012, 1023 (11th Cir. 2000). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings that the moving party believes demonstrate the absence of a genuine issue of material fact. Celotex Corp., 477 U.S. at 323. Once the moving party has met its burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions of file, designate specific facts showing that there is a genuine issue for trial. Id. at 324.

The substantive law will identify which facts are material and which are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Chapman, 229 F.3d at 1023. All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the nonmovant. Chapman, 229 F.3d at 1023; Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; Chapman, 229 F.3d at 1023. If

the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.  Anderson, 477 U.S. at 249-50.  The method used by the party moving for summary judgment to discharge its initial burden depends on whether that party bears the burden of proof on the issue at trial.  See Fitzpatrick, 2 F.3d at 1115-17 (citing United States v. Four Parcels of Real Property, 941 F.2d 1428 (11th Cir. 1991) (en banc)).  If the moving party bears the burden of proof at trial, then it can only meet its initial burden on summary judgment by coming forward with positive evidence demonstrating the absence of a genuine issue of material fact (i.e. facts that would entitle it to a directed verdict if not controverted at trial).  Fitzpatrick, 2 F.3d at 1115.  Once the moving party makes such a showing, the burden shifts to the nonmoving party to produce significant, probative evidence demonstrating a genuine issue for trial.

If the moving party does not bear the burden of proof at trial, it can satisfy its initial burden on summary judgment in either of two ways.  First, the moving party may produce affirmative evidence negating a material fact, thus demonstrating that the nonmoving party will be unable to prove its case at trial.  Once the moving party satisfies its burden using this method, the nonmoving party must respond with positive evidence sufficient to resist a motion for directed verdict at trial.  The second method by which the moving party who does not bear

the burden of proof at trial can satisfy its initial burden on summary judgment is to <u>affirmatively</u> show the absence of evidence in the record to support a judgment for the nonmoving party on the issue in question. This method requires more than a simple statement that the nonmoving party cannot meet its burden at trial but does not require evidence negating the nonmovant's claim; it simply requires the movant to point out to the district court that there is an absence of evidence to support the nonmoving party's case. <u>Fitzpatrick</u>, 2 F.3d at 1115-16. If the movant meets its initial burden by using this second method, the nonmoving party may either point out to the court record evidence, overlooked or ignored by the movant, sufficient to withstand a directed verdict, or the nonmoving party may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency. However, when responding, the nonmovant can no longer rest on mere allegations, but must set forth evidence of specific facts. <u>Lewis v. Casey</u>, 518 U.S. 343, 358 (1996) (citing <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 561 (1992)).

### III. Relevant Undisputed Facts[3]

---

[3] If the facts are in dispute, they are stated in the manner most favorable to the nonmoving party. See <u>Fitzpatrick</u>, 2 F.3d at 1115. On remand, the court will only consider the facts relevant to the § 1983 claims against Shanahan arising out of the June 2001 and June 2002 promotions.

Plaintiff Thomas Stuart began working for the Jefferson County Department of Human Resources ("JCDHR") in 1980 as a social worker in the food stamp office. (Compl. ¶ 11; Def.'s Ex. A.) In 1992, he was promoted to the position of welfare supervisor in the food stamp office. (Compl. ¶ 13; Def.'s Ex. A.) The name of plaintiff's position was subsequently changed in 1994 to financial support supervisor, but his pay grade did not change. Plaintiff's last promotion was in 1992. During his time at JCDHR, plaintiff's job performance was above average. (See Shanahan Dep. at 131-33.)

Defendant JCDHR is a state agency operating in Jefferson County, Alabama pursuant to Ala. Code § 38-2-8(a). Defendant Caro Shanahan, a female, is currently the director of JCDHR, and she was appointed to that position in March 2001. Plaintiff claims that Shanahan disproportionately promotes female employees, which discriminates against him, a male employee, on the basis of sex.

In determining which employees qualify for promotions, DHR uses a promotional register system, which groups employees into "bands" based on their seniority. (Compl. ¶ 28-29.) Plaintiff fell within the highest band, band 1, which placed him on the "open-competitive" register. For purposes of this opinion, plaintiff was certified as a candidate for two promotions that he did not receive. First, on or about June 28, 2001, a program supervisor position became available

at JCDHR.  (Compl. ¶ 48.)  The opening was in the TANF/public assistance program area and was for a human resources program supervisor.  (Def.'s Ex. F.)  Stuart was certified by the state personnel department as a candidate who was qualified for the position.  (Id.)  His name appeared on a list of 83 eligible candidates who were certified by the state personnel department, all of whom were placed in band 1.  (Id.)  When he was apprised of the vacancy, plaintiff communicated that he was interested in the position and would like to be promoted.  (Compl. ¶ 50; Shanahan Aff.)  He was notified, however, on July 31, 2001 that he had not been selected for the promotion.  (Compl. ¶ 51.)  Instead, a female candidate, Claire Brock, was selected.  (Compl. ¶ 55; Answer ¶ 52.)  According to defendants, Brock had been employed with the Department of Human Resources since March 1979.  She was appointed to the position of financial support supervisor in 1986, under which she was responsible for managing the TANF, Medicaid, and food stamp programs at the Tuscaloosa County Department of Human Resources.

On or about June 12, 2002, an opening for the position of program supervisor of child support became available.  (Comp. ¶ 66.)  Once again, Stuart communicated an interest in the position and was certified as a qualified candidate.  (Compl. ¶ 67-68.)  This time, his name was on a list of 24 eligible

candidates. (Def.'s Ex. I.) After responding to the vacancy announcement, Stuart was interviewed for the position. However, once again, Stuart was not promoted; instead, the position was given to Yolanda Boleware. (Compl. ¶ 70.) Boleware had eight years of experience as a financial supervisor of a child support program. (Answer.) She was laterally transferred to JCDHR from the Tallapoosa DHR office. (Compl. ¶ 71.) Stuart contends that he should have been promoted over Boleware because he was already working in the Jefferson County office.

### IV. Applicable Substantive Law and Analysis

Plaintiff's complaint alleges in pertinent part that defendant Shanahan abridged his constitutional rights under the Equal Protection Clause of the Fourteenth Amendment by discriminating against him on the basis of his gender. (See Compl.) He seeks to have the alleged deprivation of his rights remedied pursuant to 42 U.S.C. § 1983. (See id.) Defendants contend that plaintiff cannot establish a prima facie case and/or cannot rebut their legitimate, non-discriminatory reason for failing to promote him. (See generally Def.'s Mem. Supp. Summ. J.)

When, as in this case, "section 1983 is used as a parallel remedy for

violation of . . . Title VII, the *elements* of the two causes of action are the same."[4] Snider v. Jefferson State Community College, 344 F.3d 1325, 1328 n.4 (11th Cir. 2003) (emphasis added) (internal quotations omitted).  To establish a prima facie case under Title VII, a plaintiff must show that (1) he was a member of a protected class; (2) he was qualified for and applied for a promotion; (3) he was rejected despite his qualifications; and (4) other equally qualified or less qualified employees who are not members of his gender were promoted.  Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1089 (11th Cir. 2004).  Both genders are protected under Title VII.  Therefore, Stuart is a member of a protected class.  In addition, he applied for promotions in both June 2001 and June 2002.  In both instances, women were promoted.  Thus, the only remaining issues are Stuart's qualifications and the qualifications of the two women who were promoted, Brock and Boleware.

In establishing his prima facie case, plaintiff bears the burden of creating a genuine issue of material fact as to whether he was qualified and as to whether he was just as qualified as or more qualified than the women who were promoted to the positions.  "[T]o demonstrate that he was qualified for the position, a Title VII

---

[4] The procedural requirements, however, are not the same.  See Stuart, 2005 WL 2456420, at *4.  Both the June 2001 and June 2002 § 1983 claims are timely because they fall within the two-year Alabama statute of limitations period.  Id.

plaintiff need only show that he or she satisfied an employer's objective qualifications." Vessels v. Atlanta Indep. Sch. Sys., 408 F.3d 763, 769 (11th Cir. 2005). Plaintiff has demonstrated that he was qualified for the positions at issue in this case. He offered evidence that he scored in the highest range on the state's qualification test and that he was certified by the state for both promotions, which means he appeared on the register of eligible candidates and therefore satisfied the objective qualifications for the positions.

Plaintiff has also demonstrated that his qualifications were equal to those of Brock and Boleware. Prior to the June 2001 promotion, both Stuart's and Brock's names appeared on the list of candidates certified by the state, and prior to the June 2002 promotion, both Stuart's and Boleware's names appeared on the list. All three were ranked in band 1, which means they were in the highest scoring range on the state test. Thus, because the plaintiff's burden at the prima facie stage is light, this court will assume, without deciding, that the candidates' certification by the state for the position makes them equally qualified. See, e.g., Vessels, 408 F.3d at 769 (. . . "the Supreme Court [has] instruct[ed] that the plaintiff's prima facie burden is not onerous."); Jameson v. Arrow Co., 75 F.3d 1528, 1531 (11th Cir. 1996) ("[T]his court generally has eschewed an overly strict formulation of the elements of a prima facie case. . . .")

Under the McDonnell Douglas framework used in discrimination cases, once the plaintiff has established a prima facie case, the burden shifts to the employer to rebut the presumption of discrimination by offering a legitimate, non-discriminatory for the allegedly discriminatory promotion. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Cooper v. Southern Co., 390 F.3d 695, 724-25 (11th Cir. 2004). The defendant's burden is "exceedingly light" at this stage; it "need not persuade the court that its proffered reasons are legitimate" because its "burden is merely one of production, not proof." Cooper, 390 F.3d at 725. Once the employer does this, the plaintiff must show that the proffered legitimate, non-discriminatory reason is a mere pretext for discrimination. McDonnell Douglas Corp., 411 U.S. at 802-04, 807; Cooper, 390 F.3d at 725. To show pretext, "the plaintiff must demonstrate 'such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence.'" Id. (quoting Combs v. Plantation Patterns, 106 F.3d 1519, 1538 (11th Cir. 1997)). The court will analyze each promotion using this framework.

**A. June 2001 promotion**

Defendants' proffered reason for promoting Brock instead of Stuart in June

12

2001 is that Brock was more qualified for the position. In its Memorandum in Support of Summary Judgment, defendants compare Brock's and Stuart's qualifications as follows:

> The female individual selected has been a Financial Support Supervisor for five (5) years. The female individual selected had supervised three program areas (TANF, Medicaid, and Food Stamps) for five (5) years. Plaintiff had not supervised other program areas. *See* Exhibit F.

(Def.'s Mem. Supp. Summ. J. 7.)

Exhibit F, however, does not contain any information regarding Brock's or plaintiff's job experience. It is simply the register of candidates who were certified by the state for the available promotion.[5] Further, there appears to be no other evidence in the record demonstrating Brock's qualifications. A statement by counsel in a brief is not admissible evidence and cannot be used to rebut plaintiff's prima facie case. See, e.g., Jean v. Nelson, 711 F.2d 1455, 1501-02 (11th Cir. 1983) ("[Defendant]'s case therefore consisted of nothing but 'mere protestation' and 'arguments of counsel.' These do not constitute rebuttal of a prima facie case of discrimination.") Because of this lack of evidence, defendants have not even

---

[5] It is entirely possible that the registers of certified candidates contain more information than is discernable at first glance. They appear to have several coded entries next to the candidates' personal information. However, because the court was given no means by which to decipher these codes, this information cannot be considered.

met their burden of production regarding this claim.[6] Accordingly, because defendants have not rebutted the presumption of discrimination created by plaintiff's prima facie case, summary judgment is denied with regard to plaintiff's claim concerning the June 2001 promotion.

**B. June 2002 promotion**

Defendants' proffered reason for promoting Boleware instead of Stuart in June 2002 is that Boleware was more qualified for the position. Defendants compare Boleware's and Stuart's qualifications in their Memorandum in Support of Summary Judgment:

> The female individual selected had eight (8) years experience as a Financial Support Supervisor in the Child Support Program area. This position [the promotion available in June 2002] was in the Child Support Program. Plaintiff had no Child Support work experience. *See* Exhibit I.

(Def.'s Mem. Supp. Summ. J. 8.)

Once again, the referenced exhibit was not helpful. It is the register of candidates certified for the June 2002 promotion. However, there is other evidence in the

---

[6] The court recognizes that Brock may very well have been more qualified for the position than Stuart. However, without admissible evidence to consider, the court is unable to determine this. JCDHR's counsel could have easily met their burden of production by submitting *anything* (personnel records, an affidavit, etc.) substantiating their claims regarding Brock's experience. If such evidence does in fact exist, JCDHR's counsel is likely wasting this court's time and resources as well as its client's time and resources having to defend this claim beyond the summary judgment stage.

14

record, albeit very little of it, indicating that Boleware was more qualified than Stuart. Defendants submitted Boleware's employee performance appraisals to demonstrate that she was an exceptional employee with experience in the area of child support. Three of the four appraisals were completed *after* Boleware was promoted and are consequently not relevant to this court's inquiry. One of them, however, indicates that Boleware achieved a perfect score ("consistently exceeds standards") on her performance appraisal during the period from November 1998 through November 1999 while she was working at Tallapoosa County DHR. State of Alabama Personnel Department, Employee Performance Appraisal of Yolanda Boleware (Oct. 21, 1999). According to the deposition testimony, plaintiff's performance appraisals reflected that he scored in the "exceeds standards" bracket, one level lower than Boleware. (Shanahan Dep. at 131-33.) This evidence supports defendants' claim that Boleware was more qualified for the position. Therefore, defendants have met their burden of production regarding this claim, and the burden shifts back to plaintiff to show that their articulated reason for not promoting him was pretextual.

     Plaintiff has failed to show pretext in the instant case. For him to be able to show that Boleware was promoted over him based on pretext, his qualifications would have to be so superior to hers that the disparity "jump[s] off the page and

slap[s] you in the face." Wilson, 376 F.3d at 1090 (internal quotations omitted).

That is certainly not the case here. Plaintiff has not offered any evidence to show

that he was more qualified than Boleware. Plaintiff's affidavit also indicates that

by the time he sought the June 2002 promotion, he had been made aware that his

deficiency in child support experience could hurt his chances of receiving a

promotion, particularly to a position in the child support program. Because

plaintiff has failed to show pretext,[7] no genuine issue of material fact remains

regarding this claim, and defendants are entitled to judgment as a matter of law.

Accordingly, summary judgment is granted as to the June 2002 claim.[8]

---

[7] The court notes that pattern and practice evidence is generally admissible to show pretext. See Joseph v. Publix Super Markets, Inc., Nos. 04-12042, 04-13262, 2005 WL 2249887, at *2-3 (11th Cir. Sept. 16, 2005). However, the majority of the evidence plaintiff submitted in this case is not probative. He submitted the affidavit of only one male employee who did not receive a promotion while defendant Shanahan was the JCDHR director. (Monroe Aff. ¶ 5.) The other evidence he offers involves different decision-makers and is consequently not probative in this case. Excluding the single affidavit, plaintiff relies solely on his bald assertion that Shanahan disproportionately promoted women into supervisory positions. However, he does not offer any statistically significant evidence of this. Two men not receiving promotions, particularly in a workforce that is 87 percent female, is neither surprising nor statistically significant. Significantly more women than men work at DHR; therefore, it is natural that more women will be promoted. In light of this, plaintiff's attempt to offer pattern and practice evidence fails to create a genuine issue of material fact.

[8] Plaintiff also appears to argue that Boleware's promotion was improper because she came to JCDHR from another county's DHR office. Plaintiff appears to be incorrectly construing Ala. Code § 38-2-8(a), which he claims gives employees who are already working in the county priority. The statute provides in pertinent part:

> The county director, subject to the approval of the county board and the provisions of the merit system, shall appoint such staff as may be necessary to administer the welfare activities within the county. Upon request of the local board, the state personnel department shall establish a county register of eligibles who are

In summary, material issues of fact remain regarding plaintiff's June 2001 claim, and defendant is not entitled to judgment as a matter of law on that claim. However, there are no material issues of fact as to plaintiff's June 2002 claim, and defendant is entitled to judgment as a matter of law on that claim. A separate order will be entered.

**DONE** this the 2nd day of December, 2005.

*/s/ VEHopkins*
**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

residents of the county in which the vacancy exists. If no appointment is made from the local register or there is no local register then appointment shall be made from the statewide register.

Ala. Code § 38-2-8(a).

Thus, the director is required to give priority to local employees only if the board has requested a local register. There is no indication that a local register was requested for the promotions that plaintiff challenges in this case. Thus, the use of the statewide register was permissible.