# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **THOMAS STUART,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **VS.** | ) | **CV-02-HS-2237-S** |
| | ) | |
| **JEFFERSON COUNTY** | ) | |
| **DEPARTMENT OF HUMAN** | ) | |
| **RESOURCES and CARO** | ) | |
| **SHANAHAN, in her individual** | ) | |
| **capacity,** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |

## MEMORANDUM OPINION AND ORDER

The court has before it the December 23, 2005 motion for reconsideration (doc. #59) of defendant Caro Shanahan, in her individual capacity.  After discussion of the standards governing a motion for reconsideration and a Rule 59(e) motion,[1] the court concludes that defendant's motion is unsupported and due to be denied.

### I. Procedural History

Plaintiff Thomas Stuart commenced this action on September 11, 2002 by

---

[1] While defendant's motion is titled a motion for reconsideration, the court also addresses the standard for a Rule 59(e) motion since plaintiff appears to believe that there is one at issue in this case.

filing a complaint in this court against the Jefferson County Department of Human Resources ("JCDHR") and Caro Shanahan, in her individual capacity, alleging that he was discriminated against on the basis of his gender in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq. and that he should be afforded relief under 42 U.S.C. § 1983 because his equal protection rights were violated when the state discriminated against him on the basis of sex in deciding who to promote.  (See Compl.)  Initially, this court issued a memorandum opinion (doc. #38) and order (doc. #39) granting defendant's motion for summary judgment with respect to his Title VII claim involving the October 2001 promotion, dismissing the other Title VII claims as procedurally barred, and allowing the § 1983 claims to proceed.  Defendants filed a motion for reconsideration (doc. #40) and plaintiff's filed a response (doc. #44).  This court issued an order (doc. #45) granting the motion for reconsideration and granting summary judgment on the § 1983 claims.

Plaintiff appealed to the Eleventh Circuit Court of Appeals.  The Eleventh Circuit issued an opinion affirming this court's entry of summary judgment on the Title VII claims and the § 1983 claim arising out of the October 2001 promotion and vacating and remanding the § 1983 claims against Shanahan arising out of the June 2001 and June 2002 promotions.  See Stuart v. Jefferson County Dep't of

Human Res., No. 05-10020, 2005 WL 2456420 (11th Cir. Oct. 6, 2005).  On

remand, in its Dec. 2, 2005 memorandum of decision (doc. #57), this court denied

summary judgment as to plaintiff's June 2001 § 1983 claim and granted summary

judgment as to plaintiff's June 2002 § 1983 claim.  Defendant then filed a motion

for reconsideration (doc. #59), and plaintiff filed a motion to strike and an

objection to defendant's motion for reconsideration (doc. #60).

## II.  STANDARD OF REVIEW

A district court has plenary power over an interlocutory order and the power

to reconsider, revise, alter, or amend it.  Toole v. Baxter Healthcare Corp., 235

F.3d 1307, 1315 (11th Cir. 2000) (citations and internal quotations omitted).  The

standards for the grant or denial of relief in a motion to reconsider or in a Rule

59(e) motion to alter or amend are similar, but there are some differences, and

each is set out below.

### Rule 59(e)[2]

"The purpose of a Rule 59(e) motion is not to raise an argument that was

_____

[2] Defendant's motion for reconsideration in the instant case cannot be construed as a Rule 59(e) motion because it does not seek to alter or amend a final judgment.  An order denying summary judgment, such as the one entered in this case, is not a final judgment.  It is an interlocutory order.  Because defendant filed a motion for reconsideration of an interlocutory order and not a final judgment, it did not have to comply with the ten-day time limit set forth in Fed. R. Civ. P. 59(e).  Accordingly, plaintiff's motion to strike defendant's motion for reconsideration as untimely is **DENIED**.

previously available, but not pressed." Stone v. Wall, 135 F.3d 1438, 1442 (11th Cir. 1998). A party may not "use a Rule 59(e) motion to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment. Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005). Essentially, a Rule 59(e) motion will not be granted when a party simply disagrees with the district court's decision but offers no new law or evidence. See id. However, there is some authority that Rule 59(e) motions may be granted for the following reasons: (1) to account for an intervening change in controlling law; (2) to address newly-discovered or previously-unavailable evidence; or (3) to correct a clear error or prevent manifest injustice. Cover v. Wal-Mart Stores Inc., 148 F.R.D. 294 (M.D. Fla. 1993).[3]

The trial judge has discretion whether to alter or amend a judgment, and her decision will not be overturned on appeal absent abuse of that discretion. Am. Home Assur. Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1238-39 (11th Cir. 1985). "In practice, because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied." 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (1995).

---

[3] District court decisions, even from this district, are not controlling authority.

4

<u>Motion To Reconsider</u>

In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly. <u>See, e.g.</u>, <u>Spellman v. Haley</u>, 2004 WL 866837, at *2 (M.D. Ala. Feb. 22, 2004) ("litigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling"); <u>United States v. Bailey</u>, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003); <u>Pennsylvania Ins. Guar. Ass'n v. Trabosh</u>, 812 F. Supp. 522, 524 (E.D. Pa. 1992).  As a general rule, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice."  <u>Summit Medical Center of Alabama, Inc. v. Riley</u>, 284 F. Supp. 2d 1350, 1355 (M.D.Ala. 2003).

It is well established that "[a]dditional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration."  <u>See, e.g.</u>, <u>Rossi v. Troy State University</u>, 330 F. Supp. 2d 1240, 1249 (M.D. Ala. 2002) (denying motion to reconsider where plaintiff failed to submit evidence in question prior to entry of order and failed to show good cause why he could not have done so).  Furthermore, the Eleventh Circuit has explicitly stated that "a motion to reconsider should not be used by the parties to set forth

5

new theories of law." <u>Mays v. U.S. Postal Service</u>, 122 F.3d 43, 46 (11th Cir.

1997); <u>see also</u> <u>Russell Petroleum Corp. v. Environ Products, Inc.</u>, 333 F. Supp. 2d

1228, 1234 (M.D. Ala. 2004) (relying on <u>Mays</u> to deny motion to reconsider

where movant advanced several new arguments); <u>Coppage v. U.S. Postal Service</u>,

129 F. Supp. 2d 1378, 1379-81 (M.D. Ga. 2001) (similar); <u>Richards v. United

States</u>, 67 F. Supp. 2d 1321,1322 (M.D.Ala. 1999) (same).

     Notwithstanding these limitations, reconsideration is appropriate to correct

manifest errors of law or fact.  <u>See</u> Fed.R.Civ.P.60(b); <u>Caisse Nationale de Credit

Agricole v. CBI Industries, Inc.</u>, 90 F.3d 1264, 1269 (7th Cir. 1996) ("Motions for

reconsideration serve a limited function: to correct manifest errors of law or fact or

to present newly discovered evidence."); <u>Summit Medical Center of Alabama, Inc.

v. Riley</u>, 284 F.Supp.2d 1350, 1355 (M.D. Ala. 2003) ("A motion to reconsider is

only available when a party presents the court with evidence of an intervening

change in controlling law, the availability of new evidence, or the need to correct

clear error or manifest injustice.").  The grant or denial of a motion to reconsider is

left to the discretion of the district court.  <u>See</u> <u>Chapman v. AI Transport</u>, 229 F.3d

1012, 1023-24 (11th Cir. 2000).

### III. Relevant Undisputed Facts[4]

Plaintiff Thomas Stuart began working for the Jefferson County Department of Human Resources ("JCDHR") in 1980 as a social worker in the food stamp office. (Compl. ¶ 11; Def.'s Ex. A.) In 1992, he was promoted to the position of welfare supervisor in the food stamp office. (Compl. ¶ 13; Def.'s Ex. A.) The name of plaintiff's position was subsequently changed in 1994 to financial support supervisor, but his pay grade did not change. Plaintiff's last promotion was in 1992. During his time at JCDHR, plaintiff's job performance was above average. (See Shanahan Dep. at 131-33.)

Defendant JCDHR is a state agency operating in Jefferson County, Alabama pursuant to Ala. Code § 38-2-8(a). Defendant Caro Shanahan, a female, is currently the director of JCDHR, and she was appointed to that position in March 2001. Plaintiff claims that Shanahan disproportionately promotes female employees, which discriminates against him, a male employee, on the basis of sex.

In determining which employees qualify for promotions, DHR uses a promotional register system, which groups employees into "bands" based on their

---

[4] For purposes of ruling on defendant's motion for reconsideration, the court will only consider the facts relevant to the § 1983 claims against Shanahan arising out of the June 2001 promotion.

seniority.  (Compl. ¶ 28-29.)  Plaintiff fell within the highest band, band 1, which

placed him on the "open-competitive" register.  For purposes of this opinion,

plaintiff was certified as a candidate for two promotions that he did not receive.

First, on or about June 28, 2001, a program supervisor position became available

at JCDHR.  (Compl. ¶ 48.)  The opening was in the TANF/public assistance

program area and was for a human resources program supervisor.  (Def.'s Ex. F.)

Stuart was certified by the state personnel department as a candidate who was

qualified for the position.  (Id.)  His name appeared on a list of 83 eligible

candidates who were certified by the state personnel department, all of whom were

placed in band 1.  (Id.)  When he was apprised of the vacancy, plaintiff

communicated that he was interested in the position and would like to be

promoted.  (Compl. ¶ 50; Shanahan Aff.)  He was notified, however, on July 31,

2001 that he had not been selected for the promotion.  (Compl. ¶ 51.)  Instead, a

female candidate, Claire Brock, was selected.  (Compl. ¶ 55; Answer ¶ 52.)

According to defendants, Brock had been employed with the Department of

Human Resources since March 1979.  She was appointed to the position of

financial support supervisor in 1986, under which she was responsible for

managing the TANF, Medicaid, and food stamp programs at the Tuscaloosa

County Department of Human Resources.

8

## IV. Applicable Substantive Law and Analysis

In its motion for reconsideration, defendant merely reiterates the arguments it articulated in its motion for summary judgment.  Specifically, defendant argues that (1) plaintiff cannot establish a prima facie case because he cannot show that he was equally qualified or more qualified than Brock and (2) plaintiff cannot rebut defendant's articulated legitimate, non-discriminatory reason for promoting Brock instead of him.  These are the same arguments defendant put forth in its motion for summary judgment.  As the court notes above, a motion to reconsider is only appropriate when (1) there is an intervening change in controlling law, (2) new evidence becomes available, or (3) there is a need to correct clear error or manifest injustice.  None of those situations are present in the instant case. Defendant has offered no new evidence to support its contention that Brock was more qualified.[5]  Further, even if defendant had presented new evidence with its motion for reconsideration, that evidence could only be properly considered if it was unavailable when defendant filed its original motion for summary judgment.

---

[5] It also appears that defendant needs to be reminded once more that statements by counsel in a brief are not admissible evidence and cannot be used to rebut plaintiff's prima facie case.  See, e.g., Jean v. Nelson, 711 F.2d 1455, 1501-02 (11th Cir. 1983) ("[Defendant]'s case therefore consisted of nothing but 'mere protestation' and 'arguments of counsel.'  These do not constitute rebuttal of a prima facie case of discrimination.").

Given the nature of this case, it is highly unlikely that defendant could not have produced evidence of Brock's superior qualifications in support of its original motion.[6]  Instead, it has chosen to try to correct its mistake by filing a motion for reconsideration with no accompanying new evidence and a second motion for summary judgment that was filed well outside the deadline set by the scheduling order, which the court struck in its Jan. 24, 2006 order (doc. #64).  Accordingly, defendant's motion for reconsideration is **DENIED**.

      **DONE** this the 26th day of January, 2006.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

[6] The court notes this because the evidence of Brock's superior qualifications would most likely have been in the form of personnel records such as past job evaluations, which certainly existed when defendant originally filed her motion for summary judgment.